BAKER, Judge
(dissenting):
Although Appellant’s conduct was egregious, I do not share the majority’s confidence that the second convening authority’s action remedied any error or potential prejudice resulting from the convening authority’s failure, during his first review, to consider the letter from Lieutenant General (LtG) J.N. Mattis.
First, the letter in question did not recommend clemency generally, or negate the seriousness of the offenses at issue. Rather, the recommendation was limited to a recommendation for confinement relief on behalf of a member of his command during combat operations in Iraq.
*305 Second, the letter was from LtG Mattis. While the text of the letter is relatively perfunctory, its recommendation is not. Moreover, the letter is from the Marine ground combat commander who led the 1st Marine Division’s push to Baghdad, and thus is a member of the Marine Corps’ “warrior elite.” (His successor in command at the First Marine Division would, of course, know this, as would any other Marine). During my tenure on the Court, I have not seen a clemency letter from a general, let alone one from a general with the combat stature of LtG Mattis. In the context of the Marine Corps, a letter from a warrior general to a subordinate commander might well have resulted in some measure of confinement clemency, at least on the order of symbolic relief.
Third, the second convening authority’s action could not have addressed any potential prejudice resulting from the delay in submitting the Mattis letter because at the time of the second action Appellant had already served the duration of his confinement. Also, LtG Mattis’s recommendation for clemency addressed confinement relief alone. Thus, we do not “have the benefit of knowing what the results of a proper clemency consideration would have yielded.” United States v. Travis, 66 M.J. at 304 (C.A.A.F.2008).
Nor is it possible in such a context to conclude, as does the majority, that Appellant’s clemency request received fall and fair consideration. The majority’s analysis might ordinarily work as a matter of legal logic, that is, a second action might normally cure the error in the first action in which no relief was given. However, it falls short when considered in the actual military context presented. LtG Mattis recommended confinement clemency for a combat veteran of battles the general himself directed. A convening authority who acts without benefit of such a recommendation cannot be said to have acted on the “full” package. Neither is the review “fair,” if the letter is subsequently considered after its recommendation is moot.
As a result, I would grant meaningful confinement relief and respectfully dissent.